Putnam, C. J.
In the trial of an automobile accident case the defendant was on the witness stand under cross examination. The report states that the plaintiff’s counsel “asked of the defendant if he had gone over written statements made by him of the accident with his counsel prior to the trial, to which the defendant answered in the affirmative whereupon plaintiff’s counsel asked the defendant’s counsel for the statements. Defendant’s counsel orally asked if the plaintiff’s counsel was asking him to produce them and the plaintiff’s counsel said yes. Then the statements were handed to the plaintiff’s counsel who examined them and handed them back to the defendant’s counsel. Thereupon defendant’s counsel offered in evidence the written statements of the defendant and over *154 the objection of plaintiff’s counsel the court admitted the same in evidence”. Thereupon the plaintiff claimed a report on the admission of said statements, and that report is now before us. “No written demand of any kind or duces tecum was given to the defendant or his counsel or any one in the defendant’s behalf at any time relating to the producing” of said statements.
An inspection of said statements, copies of which are annexed to the report, shows, as might be expected, that they are highly self-serving and that they contain statements of what certain third parties said.
At least since the decision in Boyle v. Boston Elevated Railway Co., 208 Mass. 41, the bar has understood the law to be that if, in the course of a trial, without any prior notice to produce (whether in writing or otherwise), counsel for one party, in open court, calls upon counsel for the other party to produce a certain paper, and it is thereupon, without objection or demur, produced, and handed to and inspected by the demanding counsel, it becomes evidence for the producing party and is admissible in evidence when offered by him. And that was the well-settled rule long before Mr. Justice Loring restated it in the Boyle case. Reed v. Anderson, 12 Cush. 481; Clark v. Fletcher, 1 Allen 53, 57.
We do not understand that that rule of law or practice has been modified by any subsequent decision in this Commonwealth. The primary purpose of a notice to produce is thereby to lay the foundation for the introduction, by the notifying party, of secondary evidence as to the contents of the book or document which is the subject of the notice. Bogart v. Brown, 5 Pick. 18; Bemis v. Clarke, 1 Met. 440. The rule requiring a notice to produce is essentially designed to secure fair play to the notified party. *155 No particular form of notice is required. So long as it is given in a timely manner (Welch v. New York, New Haven & Hartford Railroad Co., 176 Mass. 393) and adequately identifies the book or document wanted (Bogart v. Brown, supra) it will be deemed a valid notice. Nor does it seem to be necessary that the notice be in writing. Certainly the notice in the Boyle case was given orally in the courtroom in the course of the trial. See Dwyer v. Collins, 7 Exch. 639 for a luminous opinion by Baron Parke.
In the case at bar the defendant raised, and now raises, no question as to the validity of the notice given to, or demand made upon, him. If he chooses to waive his right to object to the shortness and informality of the notice we do not see that it is within the province of the court, or open to the notifying party, to object. The demanding party (in this ease the plaintiff) got what he asked for. The case seems to us to fall fairly within the rule stated in the Boyle case and it has been interpreted and acted upon by courts and trial lawyers for thirty years.
We consider the case at bar distinguishable from the recent case of Shear v. Rogoff, 288 Mass. 357. In that case all that the plaintiff’s counsel asked for was “the privilege of reading (a certain paper) to myself”. That request was held not to be a notice to produce the paper at the trial. It would require much plainer language than is found in that decision to compel us to construe it as a decision that the notice to produce must be given before the trial starts.
The plaintiff’s rights were adequately saved by his claiming a report to the admission of these statements at the time they were admitted, and there was no occasion for him to present a request for a ruling of law later on the same question.
Report dismissed.