*Northern District*

No. 4900

## NELLIE ALUKONIS

v.

## GEORGE LEWIS

(September 24, 1956)

*Connelly, J.* The plaintiff in this action of tort seeks to recover damages to her automobile, alleged to have been caused by negligence of the defendant in a collision with her automobile. The defendant's answer was a general denial and contributory negligence, with other pleas not material.

It was agreed by counsel "that the plaintiff was the owner of the automobile in question; that on the day and at the time of the accident she had loaned the said automobile to her daughter, Anna M. Klemas, for an errand of her own; that the accident occurred on September 14, 1954, about 6:45 P.M., at the Mystic River Bridge in Chelsea; that the defendant was the operator of the motor vehicle which was in collision with the plaintiff's automobile; and that if there was a finding for the plaintiff, damages should be assessed in the sum of $266.16."

There also was evidence tending to show that "during the cross-examination of the defendant by the counsel for plaintiff, he (the defendant) was asked whether or not he had made a "report" of the accident to his insurance company, whether or not he had read that "report" the morning of and prior to the trial of the case, so as to refresh his memory, and when the defendant answered in the affirmative, counsel for the plaintiff then requested the counsel for the defendant to produce the said "report." After the said "report" was produced, counsel for plaintiff continued to cross-examine the defendant concerning the matters and facts stated and contained in said "report." At the conclusion of the cross-examination, counsel for the defendant offered the said "report" in evidence; counsel for the plaintiff objected to its admission. The objection was overruled and the said "report" was admitted in evidence."

The Court filed the following "Memorandum of Decision" and "Finding of Facts":

"There was evidence tending to show that the defendant was the operator of a motor vehicle which was proceeding on the Mystic River Bridge in Chelsea, Suffolk County, in the Commonwealth of Massachusetts, going in a southerly direction at a rate of speed of about 30 miles per hour, and after traveling about one-half mile on said Bridge, *saw a dog running across the road in front of his motor vehicle;* he then reduced his speed to 15 to 20 miles per hour, when his motor vehicle was struck in the rear by another motor vehicle, which was then being operated by and in control of the plaintiff's daughter. The weather, road conditions and visibility, were good at the time; the brake lights on the defendant's motor vehicle were in good operating order. The front of the motor vehicle operated by the plaintiff's daughter was damaged. During the cross-examination of the defendant, counsel for the plaintiff asked the defendant if he had made a report of the accident to his insurance company, and when the defendant answered in the affirmative, counsel for the plaintiff asked the counsel for the defendant if he had the report; and when counsel for the defendant answered in the affirmative, counsel for the plaintiff requested the counsel for the defendant to produce said report; and it was produced; whereupon, counsel for plaintiff took the report and proceeded to cross-examine the defendant on matters and facts stated and contained in said report. At the conclusion of the cross-examination, counsel for the defendant offered said report in evidence. Counsel for the plaintiff objected to the adimssion of said report. The objection was overruled and the said report was admitted in evidence. The plaintiff seasonably claimed a report to the Appellate Division. Upon all the evidence in the case I am unable to find any negligence on the part of the defendant; and I find for the defendant."

The only issue in this case is whether the Court

erred under the circumstances in allowing the admission of the report in evidence.

The leading Massachusetts case on this point is *Leonard v. Taylor*, 315 Mass. 580. There the facts were practically identical with the facts in the case before us. It was stated "It has long been established practice in this Commonwealth that where a party at a trial calls for a document from his opponent and in response to the call receives it and examines it, the document may be put in evidence by the opponent, even though it would have been incompetent if it had not been called for and examined. This rule was fully established in *Clark v. Fletcher*, 1 Allen, 53, 57. It has been constantly and frequently applied in the trial courts for at least eighty-three years and has continued to receive recognition in this court," See: 6 Legalite, 161 and 169 "Effect of Production of Document Upon Demand of Adverse Party and His Inspection of It."

It was stated in the Leonard case that while "the right of an opposing party to examine any paper used to refresh the recollection of any witness on the stand at the trial is beyond doubt, yet "to extend this right to every paper seen by a witness before trial is a different matter," and that "such an extention of the principle might turn every trial into a fishing expedition". The Court preferred the rule stated in the case of *Goldman v. U. S.*, 316 U.S. 129, that where a witness does not use his notes or memoranda in court, a party has no absolute right to have them produced and to inspect them.

By demanding and inspecting the "report" in this case the plaintiff made it possible for the defendant at his option to offer it as evidence. The Court did not err in admitting it and so the Report is to be Dismissed.

Fred W. Hillman, for the Plaintiff.

John L. McDonough, for the Defendant.