## Selma Shear *vs.* Earl I. Rogoff.

Suffolk.     January 2, 1934. — November 26, 1934.

Present: Rugg, C.J., Crosby, Pierce, & Field, JJ.

*Negligence*, Of child, Of person in charge of child. *Evidence*, Competency.

Evidence, that a child, who was too young to be capable of exercising any care for his own safety, was obedient and of average intelligence, and had been warned about "automobiles and streets and street dangers"; that, in a certain afternoon, his mother instructed his seventeen year old sister to watch him; that for some time the sister sat on the piazza of their house "taking charge" of the child, who was on the sidewalk watching a ball game in a yard adjacent to the house; that then the sister went into the house to get a drink of water, first warning the child not to leave the sidewalk; and that after "just about half a second" and as the sister was walking down the hall in the house, the child was struck by an automobile in the street, warranted a finding that both the mother and the sister of the child exercised due care for his safety.

With respect to the right of a child, who is too young to be capable of exercising any care for his own safety, to recover for personal injuries sustained by him, the question, whether he exercised due care for his own safety according to the standard of care required of an adult in like circumstances, is immaterial if the person in charge of the child at the time exercised due care for his safety.

After counsel for the plaintiff at a trial, in cross-examination of a witness called by the defendant, requested of the defendant's counsel "the privilege of reading" the witness's testimony at a previous hearing and requested the defendant's counsel to hand him the transcript thereof, which was handed to him, the witness testified that the transcript had been read to him before he took the stand and that it helped to refresh his memory. The plaintiff's counsel made no use of the transcript except to read it to himself and to ask the witness whether it had been used for the purpose of refreshing his recollection. The defendant's counsel thereupon offered the transcript in evidence, and it was excluded. *Held*, that

(1) If the transcript were treated solely as a writing used to refresh the witness's recollection, it was not independent evidence, nor was the defendant entitled to have it shown to the jury for the purpose of testing the witness's memory;

(2) The transcript was not admissible on the ground that a paper produced on notice to produce it at the trial and inspected by the party calling for its production is thereby made competent evidence for the party producing it, because the request of the plaintiff's counsel did not constitute such a notice;

(3) It was proper to exclude the transcript.

TORT. Writ in the Municipal Court of the City of Boston dated November 27, 1931.

Upon removal to the Superior Court, the action was tried before *Morton*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*G. B. Rowell*, for the defendant.

*J. Priluk*, (*R. Finn* with him,) for the plaintiff.

FIELD, J. This is an action brought by the plaintiff by her next friend to recover compensation for personal injuries sustained by the plaintiff as a result of her being struck by an automobile owned and operated by the defendant. There was a verdict for the plaintiff. The case comes before us on the defendant's exceptions to the denial of his motion for a directed verdict, to the refusal to rule as requested by the defendant, to certain portions of the charge, and to the exclusion of evidence.

It could have been found that on October 9, 1931, at some time between 4:30 and 5:30 in the afternoon, the plaintiff, a girl then about three years and nine months old, while in the street near the house in which she lived, was struck by an automobile owned and operated by the defendant. And it is undisputed that the plaintiff was injured.

1. The motion for a directed verdict was denied rightly.

The defendant does not contend that the evidence did not warrant a finding of negligence on his part or that it could be ruled as matter of law that the plaintiff did not exercise the care to be expected of a child of her age, intelligence and experience under like circumstances. But the defendant contends that the plaintiff, by reason of her age, as matter of law was incapable of exercising any care for her safety in the street, that consequently she cannot prevail in this action without proof either that she was not careless according to the standard of care required of an adult under like circumstances or that the person in charge of her exercised due care to protect her against the risk of such harm as she sustained, and that the evidence did not warrant a finding of either of these facts. The

judge, without objection by either party, charged the jury, in substance, that a child of the age of the plaintiff was incapable of exercising any care for her safety in the street, and we deal with the case on the basis of this ruling without discussion of its correctness. See *Minsk* v. *Pitaro*, 284 Mass. 109, 113. Compare *DeFuria* v. *Mooney*, 280 Mass. 447, 449, and cases cited.

A verdict for the defendant could not rightly have been directed since, though on this branch of the case the plaintiff is not aided by G. L. (Ter. Ed.) c. 231, § 85, the evidence warranted a finding that the plaintiff at the time of the accident was in the custody of her seventeen year old sister who exercised due care for her protection, that is, that the plaintiff was in the street without fault on the part of her custodian. *DeFuria* v. *Mooney*, 280 Mass. 447, 449.

There was evidence tending to show the following facts, though there was also evidence in some respects conflicting therewith: The accident occurred on a street running about east and west in front of the house in which the plaintiff lived. This street was forty feet wide and consisted of a roadway for vehicular traffic twenty-five feet wide and on each side of this roadway a sidewalk (or strip of loam and sidewalk) seven and one half feet wide. The house was on the south side of the street, near the sidewalk. The distance between this house and the next house on the east varied at different points from about fifteen to thirty feet. Between these houses was a yard in front of which was a fence. The plaintiff was struck by the defendant's automobile when she was in the middle, or south of the middle, of the roadway in front of the house east of that in which she lived. Two automobiles were parked on the street, but none had passed through the street for ten minutes before the defendant came along. The plaintiff was "an obedient child at all times," and "in size, activity, intelligence and health was about average for her age." Sometime before the accident an adult sister had talked with her about "automobiles and streets and street dangers," and had told her always to be careful. On the day of the accident the plaintiff's mother

instructed another sister of the plaintiff, aged seventeen years, to watch her. This sister and the plaintiff went out of the house together. The sister sat on the first floor piazza of the house from about three o'clock in the afternoon until shortly before the accident "reading a newspaper and taking charge of the plaintiff and watching her." The plaintiff meanwhile was on the sidewalk, near the fence, watching boys play ball in the yard. Shortly before the accident the sister went into the house to get a drink of water. Before going into the house she warned the plaintiff not to go off the sidewalk. She then went down the hall, which was about twenty-five feet long, and, when she had walked about twenty feet of the distance, heard the noise of brakes. She testified that "just about half a second" had passed from the time she started to go into the house until she heard this noise. She then ran outside and found that the accident had occurred. This sister testified also that there was nothing to prevent her from taking the plaintiff into the house with her or from calling an adult member of the family to come out while she went into the house, but while this testimony might have been disbelieved there was no evidence to the contrary.

Clearly the jury were warranted in finding that the plaintiff's mother exercised due care in entrusting her to the custody of her seventeen year old sister, and that this sister exercised due care for the protection of the plaintiff so long as she remained on the piazza watching the plaintiff. *Ayers* v. *Ratshesky,* 213 Mass. 589, 591–592. *McDonough* v. *Vozzela,* 247 Mass. 552. *Faircloth* v. *Framingham Waste Material Co.* 286 Mass. 320. And in view of the evidence of what the plaintiff was doing, her intelligence and obedient nature, and the warnings given to her, the jury were not precluded from finding that this exercise of care over the plaintiff by her sister was not interrupted by the sister's leaving the piazza temporarily for the natural purpose of getting a drink of water. *Dowd* v. *Tighe,* 209 Mass. 464, 467. *Herd* v. *Boston Elevated Railway,* 265 Mass. 125, 127, and cases cited. See also *Ingraham* v. *Boston & Northern Street Railway,* 207 Mass. 451, 455. The evidence tended

to minimize the risk of such a temporary diversion from the plaintiff of her sister's attention. *DeFuria* v. *Mooney*, 280 Mass. 447, 450. Where the evidence of the exercise by a custodian of care over a child goes so far as it does in this case, it is not necessarily fatal that the temporary diversion of the attention of the custodian was not due to such family or other exigency as has been given weight in some cases. See, for example, *Butler* v. *New York, New Haven & Hartford Railroad*, 177 Mass. 191. See also *Hewitt* v. *Taunton Street Railway*, 167 Mass. 483. *Cotter* v. *Lynn & Boston Railroad*, 180 Mass. 145, and *Stachowicz* v. *Matera*, 257 Mass. 283, specially relied on by the defendant, are distinguishable. In each of these cases, unlike the present case, the custodian substantially abandoned her duty to care for the child.

2. There was no reversible error in the refusal by the judge to rule as requested by the defendant or in the charge.

The defendant, at the close of the evidence, requested certain rulings including the following: "3. On all the evidence there is no evidence that the person entrusted with the safety of the plaintiff exercised reasonable care on her behalf," and "4. On all the evidence the plaintiff did not exercise the care of a reasonably prudent adult under the circumstances." At the close of the charge the defendant asked for an exception to the "refusal of the third request for rulings, and to such portions of . . . [the] charge as are inconsistent with it. . . . And also to the fourth request, which was not given."

It is apparent from what has been said in connection with the motion for a directed verdict that the requested ruling numbered 3 could not rightly have been given, and that the charge was not erroneous because inconsistent with that requested ruling. See *Boylan* v. *Everett*, 172 Mass. 453. The requested ruling numbered 4 was not given in terms, but the omission was not harmful to the defendant, for under the charge the jury were permitted to find for the plaintiff only upon proof that her custodian was in the exercise of due care for her protection, and, if

such proof was made, it was not material that the plaintiff "did not exercise the care of a reasonably prudent adult under the circumstances."

3. There was no error in the exclusion of evidence subject to the defendant's exception.

A witness, called by the defendant, on cross-examination testified that she had testified at some other hearing of this case. Plaintiff's counsel then asked defendant's counsel if he might "have the privilege of reading her testimony at the former hearing?" and the latter replied, "If you call for this I will be very glad to give it to you." Plaintiff's counsel said, "I am asking for the privilege of reading it to myself," and defendant's counsel replied, "If you are asking me to produce this, I will be very glad to produce it." Plaintiff's counsel then said, "If you will hand it to me, I will take whatever legal consequences follow from that." A paper purporting to be a transcript of the testimony of this witness at a trial in the District Court of the defendant upon a charge of driving so that the lives and safety of the public might be endangered was handed to plaintiff's counsel. The witness then testified that the paper had been read to her before she took the stand and that it helped to refresh her memory. No use of this paper was made by plaintiff's counsel except to read it to himself and to ask the witness whether it had been used for the purpose of refreshing her recollection. Defendant's counsel, while the witness was on the stand, offered the paper and it was excluded subject to the defendant's exception.

This paper was excluded rightly. Treated solely as a writing consulted to refresh the recollection of the witness, if it may be so treated (see *Commonwealth* v. *Haley,* 13 Allen, 587; Wigmore, Evidence [2d ed.] § 762); it was not independent evidence for either party and the defendant was not entitled to have it shown to the jury for the purpose of testing the memory which had been refreshed by it. *Commonwealth* v. *Jeffs,* 132 Mass. 5. *Capodilupo* v. *F. W. Stock & Sons,* 237 Mass. 550. *McKenna* v. *Fielding,* 272 Mass. 341, 344. Wigmore, Evidence (2d ed.) § 763. And the paper was not admissible on the ground that a paper

produced on notice to produce it at the trial and inspected by the party calling for its production is thereby made competent evidence for the party producing it (see *Boyle v. Boston Elevated Railway,* 208 Mass. 41), since, if for no other reason, this paper was not produced in response to a notice of the plaintiff to the defendant to produce it at the trial. The request of plaintiff's counsel at the trial did not amount to such a notice. *Capodilupo* v. *F. W. Stock & Sons,* 237 Mass. 550. *Renwick* v. *Eastern Massachusetts Street Railway,* 275 Mass. 145, 148. There is no foundation in the evidence for the admission of the paper on any other ground. Compare *Commonwealth* v. *Hoyt,* 279 Mass. 400, relied on by the defendant.

*Exceptions overruled.*