EDITH K. LEONARD *vs.* WALTER H. P. TAYLOR.

Suffolk. October 6, 1941. — March 1, 1944.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Evidence,* Competency, Paper produced on demand, Refreshment of witness's recollection. *Witness,* Refreshment of recollection.

A written statement by the defendant, which was produced by his counsel in compliance with a demand made by the plaintiff's counsel during cross-examination of the defendant and was thereupon inspected by the plaintiff's counsel, became admissible upon being offered by the defendant; the fact that the statement had been used before the trial to refresh the recollection of the defendant as a prospective witness did not entitle the plaintiff's counsel to call for and inspect it at the trial without making it admissible at the option of the defendant.

TORT. Writ in the Municipal Court of the City of Boston dated December 30, 1939.

There was a finding for the defendant by *Zottoli,* J. A report was dismissed by the Appellate Division, and the plaintiff appealed.

*J. V. Spalding,* (*A. G. Tierney* with him,) for the plaintiff.
*R. W. Cornell,* for the defendant.

QUA, J. This is an action for personal injuries arising out of the operation of the defendant's automobile. On cross-examination of the defendant, counsel for the plaintiff asked the defendant whether prior to the trial the defendant had "gone over" with his counsel written statements made by the defendant relating to the accident. The defendant answered in the affirmative. Thereupon the plaintiff's counsel "asked the defendant's counsel for the statements." The defendant's counsel inquired whether the plaintiff's counsel was asking him to produce them, and the plaintiff's counsel said, "yes." The statements were then handed to the plaintiff's counsel, who examined them and handed them back to the defendant's counsel. Thereupon the defendant's counsel offered them in evidence, and

the judge admitted them. The correctness of the judge's ruling in admitting the statements is the point at issue.

It has long been established practice in this Commonwealth that where a party at a trial calls for a document from his opponent and in response to the call receives it and examines it, the document may be put in evidence by the opponent, even though it would have been incompetent if it had not been called for and examined. This rule was fully established in *Clark* v. *Fletcher*, 1 Allen, 53, 57. It has been constantly and frequently applied in the trial courts for at least eighty-three years and has continued to receive recognition in this court. *Long* v. *Drew*, 114 Mass. 77, 78–79, 80. *Boyle* v. *Boston Elevated Railway*, 208 Mass. 41. *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad*, 215 Mass. 381, 390–391. *Capodilupo* v. *F. W. Stock & Sons*, 237 Mass. 550, 551–552. For cases before *Clark* v. *Fletcher*, see *Commonwealth* v. *Davidson*, 1 Cush. 33, 44–46; *Reed* v. *Anderson*, 12 Cush. 481; and see *Flaherty* v. *Boston & Northern Street Railway*, 210 Mass. 321, 323; *Commonwealth* v. *Hoyt*, 279 Mass. 400, 402–403. It is clear upon the present record that the documents were produced upon the demand of the plaintiff's counsel made at the trial, and that he received and examined them. The rule is therefore applicable.

The plaintiff argues that the rule of *Clark* v. *Fletcher* has been modified by what was said in *Shear* v. *Rogoff*, 288 Mass. 357, at pages 362–363, so that the rule now applies, as the plaintiff says, only "to cases in which antecedent notice was given to produce at the trial." We do not agree. The existence of the rule was recognized in *Shear* v. *Rogoff*, and the case of *Boyle* v. *Boston Elevated Railway*, 208 Mass. 41, in which the rule is explained, was cited. Nothing was said about modifying it. The reasons for the rule as set forth in *Clark* v. *Fletcher* are in no way dependent upon notice before the trial. They depend upon a demand or request made and complied with at the trial, whether or not notice to produce has been given before the trial. See *Clark* v. *Fletcher*, 1 Allen, 53, at 54, 57. The purpose and the only legal effect of notice to produce are to lay a foun-

dation for the introduction of secondary evidence of the contents of the document. Wigmore on Evidence (3d ed.) § 1202. And even for that purpose notice to produce before the trial is obviously unnecessary where the document is in the court room. Wigmore on Evidence (3d ed.) § 1204. Am. Law Inst. Model Code of Evidence, page 302. See *Commonwealth* v. *Slocomb,* 260 Mass. 288, 291. No question of secondary evidence is involved in the rule of *Clark* v. *Fletcher.* The case of *Moran* v. *Otis Elevator Co.* 291 Mass. 314, at 318–319, in so far as it deals with the point at all, merely purports to follow *Shear* v. *Rogoff.* The case of *Renwick* v. *Eastern Massachusetts Street Railway,* 275 Mass. 145, 147–148, is distinguishable, since the notes there in question belonged to a witness and not to a party and had been elicited from the witness and used on cross-examination. The party offering them had not produced them at the trial in response to the demand of opposing counsel. Nothing here stated is in conflict with *Capodilupo* v. *F. W. Stock & Sons,* 237 Mass. 550. In that case also the document was not first produced at the trial as the result of a demand for it by an opponent. It had been produced and used in the examination of a witness by the same party who afterwards sought to introduce it.

We are not unaware that the rule of *Clark* v. *Fletcher* has been criticized, chiefly on the grounds that it is a survival of the notion that a lawsuit is a contest in sportsmanship; that the rule is contrary to modern tendencies; and that it results in the admission of otherwise incompetent evidence. See *Boyle* v. *Boston Elevated Railway,* 208 Mass. 41, 45; Wigmore on Evidence (3d ed.) § 2125. We incline to believe, however, that there are reasons behind the rule which were not fully stated in *Clark* v. *Fletcher,* and we suspect that critics may not fully appreciate the disastrous effect upon a jury in a perfectly good case or defence of a bold and dramatic demand by opposing counsel for the production of a document at some critical moment of the trial. It may be impossible to refuse without creating an impression of evasion and concealment, and even if the demand is acceded to it may be practically impossible to prevent

the same impression without showing the document itself to the jury. It is our belief that if there is sharp practice anywhere it is more likely to be found on the side of the demanding party than on that of the party upon whom the demand is made, and that if unfortunate consequences follow, the demanding party should be the one to suffer them. He can commonly avoid them by utilizing his opportunities for discovery before trial or by limiting his demand to that which is competent. Apparently the rule of *Clark* v. *Fletcher* is still followed in a majority of American jurisdictions, at least where not changed by statute. Wigmore on Evidence (3d ed.) § 2125, page 560, and cases cited. We are not convinced that it has, on the whole, operated unjustly and we are not prepared to overrule the decisions which adopt it.

The plaintiff further suggests that he had a right to examine the documents without entailing consequences, because they had been used before the trial to refresh the recollection of the defendant. The right of an opposing party to examine any paper used to refresh the recollection of any witness on the stand at the trial is beyond doubt. The cases on the point are cited in the recent decision of *Bendett* v. *Bendett, ante,* 59, 62. But to extend this right to every paper seen by a witness in the preparation of the case before trial is a different matter. Such an extension of the principle might turn every trial into a fishing expedition and place a powerful weapon in the hands of an unscrupulous attorney. Professor Wigmore was of opinion that the extension is sound in principle. Wigmore on Evidence (3d ed.) § 762. But it may well be doubted whether the weight of authority of the cases cited by him, in so far as they are decisions upon the point at all, is not the other way. At any rate, we prefer for practical reasons to follow the statement in *Goldman* v. *United States,* 316 U. S. 129, at page 132, "We think it the better rule that where a witness does not use his notes or memoranda in court, a party has no absolute right to have them produced and to inspect them. Where, as here, they are not only the witness' notes but are also part of the Government's files, a large discre-

tion must be allowed the trial judge." To similar effect is *Lennon* v. *United States*, 20 Fed. (2d) 490, 493–494.

It follows that the plaintiff could not demand and examine the statements without making them evidence at the option of the defendant.

*Order dismissing report affirmed.*