Charles B. MARGESON

v.

BOSTON AND MAINE RAILROAD.

Civ. A. No. 53–1088–A.

United States District Court
D. Massachusetts.

Sept. 13, 1954.

John V. Higgins, O'Neill, Higgins & Latto, New York City, Joseph P. Coughlin, Cambridge, Mass., for plaintiff.

George W. McLaughlin, Eugene J. Ratto, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is an action for personal injury brought by an employee of the defendant. The plaintiff has filed a motion under Rule 34, 28 U.S.C.A., to require the defendant to produce voluminous statements, records and other documents, including his own statement, and has had a motion allowed to stay the defendant's taking of his deposition until the principal motion has been heard. Counsel's affidavit accompanying the motion purporting to show cause is prolix and repetitious, and contains considerable matter which, on analysis, the affiant could not have been competent to swear to. It, together with plaintiff's brief, indicates that the plaintiff's position largely equates cause with mere personal desirability. He even seeks to place the burden on the defendant, saying,

"There is no excuse for this defendant not willingly permitting— and, indeed, offering—an inspection of these statements and papers."

The Rule's requirement of good cause is not to be so easily disposed of.

The adoption of the Civil Procedure Rules was not a denial of the concept that the court is the forum and the trial the procedure best calculated to uncover the truth. The enthusiasm which greeted the discovery provisions of the Rules when carried, as it has been, to the extent here advocated, that "the truth should be known before the trial, and nobody be surprised", seems calculated, however, to weaken the efficacy of ordinary trial procedure. There is a vast difference between surprise and unfair surprise. The one is as beneficial as the other is harmful. Not merely may too many rehearsals, in the form of too much discovery, take the bloom off the opening night, but this absence of freshness may make the performance sterile. A certain amount of surprise is often the catalyst which precipitates the truth. Alternatively it may serve as a medium by which the court or jury may gauge the accuracy of the account.

If every witnesss consistently told the truth, and none cut his cloth to the wind, little possible harm and much good might come from maximum pretrial disclosure. Experience indicates, however, that there are facile witnesses whose interest in "knowing the truth before trial" is prompted primarily by a desire to find the most plausible way to defeat the truth. For this, and other reasons, I believe the requirement of good cause for compulsory pretrial production should mean more than mere relevancy and competency, or ordinary desirability from the standpoint of the movant, and should be something in the nature of special circumstances. Alltmont v. United States, 3 Cir., 177 F.2d 971, certiorari denied 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375; Safeway Stores v. Reynolds, 85 U.S.App.D.C. 194, 176 F.2d 476.

The plaintiff argues that many of the matters he calls for are documents or records that would be competent evidence at the trial. This does not of itself constitute good cause. Reeves v. Pennsylvania R. Co., D.C., 8 F.R.D. 616. Indeed it might be suggested that *in*competency is a consideration in favor of pretrial production, in order to avoid making an incompetent document admissible by having to demand it in the courtroom. Cf. Leonard v. Taylor, 315 Mass. 580, 582–583, 53 N.E.2d 705, 151 A.L.R. 1002.

What are special circumstances will obviously depend on many factors. I propose to allow this discovery with some

reluctance, particularly when it does not appear that it will dispose of any issue of truth, and that if any surprises are removed they will be only those minor ones, the absence of which would tend more to promote untruth than a speedier consummation of the hearing. A distinction might well be drawn between eliminating "strategic" surprises, and eliminating those which are merely tactical. Cf. Vermilyea v. Chesapeake & Ohio Ry. Co., D.C., 11 F.R.D. 255, 257. On the other hand, I have no countenance with refusals to permit discovery which are merely postponements of the inevitable, the sole purpose of which is the hope of obtaining a settlement before the opposition realizes the strength of its case. And I shall be the more liberal when the situation indicates, and I am not referring to the personalities involved, that the information obtained will not be abused, either by counsel taking advantage of his opponent's industry to save his own, or by opportunistic witnesses.

■ This discussion of principles goes far beyond the circumstances in the case at bar. While there are some matters that the plaintiff refers to, such as the identity of the car from which he was injured, as to which he is entitled to be informed, most of these appear to be ultimate facts which should be easily ascertainable as of right by interrogation under Rule 33. Until that method has been tried the plaintiff cannot properly say that he is without remedy, and should not take the time of the court with a blanket request for discretionary orders under Rule 34. Cf. Cleary Bros. v. Christie Scow Corp., 2 Cir., 176 F.2d 370; Goldner v. Chicago & N. W. Ry. System, D.C., 13 F.R.D. 326.

The above does perhaps not apply to item (j), but as to that there is a further defect—namely it does not appear, even by inference, that there are or ever were any such documents in existence. See Tobin v. WKRZ, Inc., D.C., 12 F.R.D. 200, 201.

The motion to produce is denied, except as to items (c) and (k), as to which it is allowed by agreement.

■ The plaintiff has also moved that various witnesses, employees of the defendant, whose depositions he has been taking, be ordered to answer certain questions. Most of these questions are predicated on the production of documents not in the possession of the witnesses. Since I have ruled that the defendant properly refused to produce these documents this motion is denied to that extent. Plaintiff cannot seek to learn the contents of these documents by indirection. Goldner v. Chicago & N. W. Ry. System, supra. However, the defendant had no possible ground for instructing the witnesses not to answer the questions directed as to the existence, location, etc. of the documents inquired about. Rule 26(b). Plaintiff may resume the deposition for the purpose of making such inquiry, if he sees fit, in the case of those witnesses who did not disclose this information.

This ruling leaves open the matter of the order postponing the plaintiff's deposition, entered April 26, 1954, "until after hearing upon the plaintiff's motion addressed to the deposition of the defendant's employees." Strictly by its terms this order has now expired. In the light of the limited nature of the remainder of the depositions I do not propose to continue this order, and it is now terminated.