NELSON BISHOP *vs.* COMMONWEALTH & another.

Suffolk.   February 7, 1967. — March 30, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Constitutional Law,* Speedy trial.   *Supreme Judicial Court,* Superintendence of inferior courts.

Where it appeared to this court that after convictions of a defendant in a District Court and appeals by him he had sought unsuccessfully for some two years to secure a jury trial on his appeals, this court, holding that there was a violation of his right under art. 11 of the Declaration of Rights of the Massachusetts Constitution to a trial within a reasonable time and acting under G. L. c. 211, § 3, as amended through St. 1956, c. 707, § 1, on petition by him, ordered that the cases be dismissed.

PETITION filed in the Supreme Judicial Court for the county of Suffolk on March 16, 1966.

The case was reserved and reported by *Reardon,* J.

*P. J. Piscitelli* for the petitioner.

*Willie J. Davis,* Assistant Attorney General, for the respondents.

WILKINS, C.J.   This petition under G. L. c. 211, § 3 (as amended through St. 1956, c. 707, § 1),[1] is reserved and reported without decision by a single justice.   G. L. c. 214, § 31.   The facts were agreed.   The petitioner was convicted in the District Court of Brockton on complaints charging drunkenness (G. L. c. 272, § 48) and driving under the influence of intoxicating liquor (G. L. c. 90, § 24 [1] [a] [as amended through St. 1963, c. 369, § 2]) on March 29, 1965.   On a date not disclosed in the record he appealed to the District Court of Brockton for trial before a jury of six. St. 1964, c. 660.

The fifth paragraph of St. 1964, c. 660, § 1, which shows the policy of the legislation, provides in part, "The chief justice of the district courts shall arrange for the jury sessions of the district court of Brockton and shall assign justices and special justices thereto, to the end that speedy trials may be provided for such appeals."

No trials before a jury of six have been held in Plymouth County from February, 1965, to at least September 30, 1966, when the statement of agreed facts was filed.   On or about January 5, 1966, the petitioner filed in the District Court of Brockton motions to withdraw his appeals, and transfer them to the Superior Court for Plymouth County.   He was informed by the clerk of the District Court that the motions would not be heard because of the failure on the part of the Legislature to provide in c. 660 any method for such transfer.

Also on or about January 5, 1966, the petitioner filed with the District Court of Brockton motions to dismiss.   He was informed by the clerk of that court that the motions would not be heard because of the failure of the Legislature to provide any funds for temporary court officers or a temporary clerk who could serve at a hearing of the motions.

---

[1] "[T]he justices of the supreme judicial court shall also have general superintendence of the administration of all courts of inferior jurisdiction, including, without limitation, the prompt hearing and disposition of matters pending therein . . . and it may issue such writs, summonses and other processes and such orders, directions and rules as may be necessary or desirable for the furtherance of justice, the regular execution of the laws, the improvement of the administration of such courts, and the securing of their proper and efficient administration. . . ."

The petitioner has made efforts to have the appeals assigned for trial or the motions assigned for hearing before the Chief Justice of the District Courts, but has been unsuccessful for the reasons above stated. At all times since the appeals the petitioner has made efforts to secure trial before either a jury of six in the District Court or a jury of twelve in the Superior Court.

The petition should be granted. Article 11 of the Declaration of Rights of the Constitution of the Commonwealth commands: "Every subject of the commonwealth . . . ought to obtain right and justice freely, . . . completely, and without any denial; promptly, and without delay . . .." This article guarantees to a defendant in a criminal case the right to a speedy trial. *Commonwealth* v. *Hanley,* 337 Mass. 384, 387. *Commonwealth* v. *McGrath,* 348 Mass. 748, 750. This means within a reasonable time. *United States* v. *Graham,* 289 F. 2d 352, 353, 355 (7th Cir.). *State* v. *Gardner,* 233 Ore. 252, 256. *Kopacka* v. *State,* 22 Wis. 2d 457, 460–461. The conviction on March 29, 1965, was presumably soon followed by the appeal. Two years have now elapsed. This plainly is more than a reasonable time. It is small answer to the petitioner for the Commonwealth to argue that he should have sought and been given a change of venue.

The cases in the District Court of Brockton are to be dismissed.

*So ordered.*