COMMONWEALTH *vs.* THEODORE GREEN.

Worcester. February 5, 1968. — February 28, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Constitutional Law,* Speedy trial. *Practice, Criminal,* Speedy trial, Defendant in custody of another jurisdiction, Escaped defendant.

Where, in criminal proceedings against a defendant for serious crimes, judgments of conviction were reversed by this court and a time for retrial of the cases was set, but the district attorney disclaimed an intention to try the defendant at that time and the record did not show any effort by the Commonwealth to bring the defendant to trial between that time and a time nearly twelve years later when the defendant filed a motion to dismiss the indictments "on the ground that he was denied his constitutional right to a speedy trial," and did show denial of motions for a speedy trial filed by the defendant during that period, this court held that such constitutional right required that the indictments be dismissed; without merit were contentions by the Commonwealth that the indictments should not be dismissed by reason of the facts that the defendant had escaped from State prison while his appeals from the judgments of conviction were pending before this court, that he had been a Federal prisoner for a part of the twelve year period, and that he had shown no actual prejudice from the delay.

INDICTMENTS found and returned in the Superior Court on May 16, 1952.

Questions of law were reported by *Beaudreau,* J.

*Ronald J. Chisholm* for the defendant.

*Manuel Morse,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. On May 16, 1952, the defendant, with others, was indicted by a Worcester County grand jury on three charges: assault with intent to rob, breaking and entering, and carrying a dangerous weapon. Verdicts of guilty were returned on all the indictments on September 9, 1952. The defendant appealed. While his appeal was pending, he escaped from the State prison at Charlestown on May 4, 1953.[1] On appeal the judgments were reversed

---

[1] The record does not show the date when he was returned to custody.

and the verdicts set aside as to the defendant. *Commonwealth* v. *Domanski*, 332 Mass. 66 (December 21, 1954). On May 16, 1955, upon the defendant's motion, a judge of the Superior Court, after hearing, revoked the defendant's sentences, and assigned the cases for trial on October 3, 1955. At the conclusion of that hearing the defendant was taken into custody by the United States Marshal for the District of Massachusetts, and was held at the State prison in Charlestown until June 2, 1955, when he was transferred to the United States penitentiary at Alcatraz, California. There he was imprisoned on sentences totaling twenty-five years imposed on October 27, 1952, by the United States District Court, District of Massachusetts.

On October 3, 1955, the defendant's lawyer withdrew his appearance, and three days later the district attorney of Worcester County notified the United States Attorney that he would not attempt to try the defendant at that time.

From January, 1966, till April, 1966, the defendant was a Federal prisoner at the Massachusetts Correctional Institution, Walpole. In January, 1966, he was convicted in the Superior Court for the May 4, 1953, escape, and sentenced to a term of four to six years, to be served after his Federal sentence. In April, 1966, he was "returned".[1] to the Federal penitentiary at Leavenworth. In November, 1966, the Federal authorities paroled him to the Commonwealth to serve the sentence for the escape.

The defendant filed a number of motions in the Superior Court while he was a Federal prisoner outside the Commonwealth. On December 12, 1955, he filed a motion to dismiss the indictments. This was denied on October 26, 1956. On July 22, 1958, he filed a "motion for a speedy trial or in the alternative dismissal" of the indictments. This was heard on January 6, 1959, and denied without prejudice. On June 24, 1960, he filed another motion for speedy trial which was denied without prejudice on June 30, 1960.

---

[1] The record fails to show how long he remained at Alcatraz or where he went from there or where he was until January, 1966.

On June 22, 1967, while in the Commonwealth, he filed a motion to dismiss the indictments "on the ground that he was denied his constitutional right to a speedy trial."

A judge of the Superior Court, reciting that the motion of June 22, 1967, "raises questions of law which are both doubtful and important and require a decision" by this court, has reported the case. G. L. c. 278, § 30A. Possible questions suggested in the report are whether the indictments should be dismissed, or the defendant brought to trial.

The defendant is guaranteed the right to a speedy trial by art. 11 of the Declaration of Rights. *Bishop* v. *Commonwealth*, 352 Mass. 258, 260. See *Commonwealth* v. *Hanley*, 337 Mass. 384, 387, where the third reason given was "to insure that means of proving his innocence will be within his reach by minimizing the possibility of witnesses becoming unavailable and their memories dulled. . . . The third of these reasons is applicable to persons in prison for other crimes, and in any event the protection of the Declaration of Rights extends with equal force to them." That the defendant was in Federal custody does not affect this right. In *Commonwealth* v. *McGrath*, 348 Mass. 748, 752, we said: "We hold that the right to a speedy trial contemplates that the Commonwealth will take reasonable action to prevent undue delay in bringing a defendant to trial, even though some expense may be involved in bringing him into the Commonwealth and returning him to Federal custody. The Commonwealth must, within a reasonable time, either secure the defendant's presence for trial or dismiss the indictments."

We are of opinion that upon consideration of the reported motion of June 22, 1967, the indictments must be dismissed. So far as the record shows, between October 6, 1955, when an intention to try the defendant at that time was disclaimed, and June 22, 1967, no effort was made by the Commonwealth to bring the defendant to trial. On the other hand, the defendant filed motions for speedy trial which were denied. The initiative has been wholly on his part.

There is no necessity at this time to pass on the correctness of those denials.

The Commonwealth makes no convincing contention against dismissal. It is no longer material that a date was once set for October 3, 1955. If it is argued that by reason of his escape from Charlestown he lost the benefit of the decision made by this court in his absence (332 Mass. 66), such a contention would be unsound. The case of *Commonwealth* v. *Rezendes, ante,* 228, does not so hold. Our cases do not go beyond deciding that one who is in escape from custody cannot insist that his appeal be heard. See *Henderson* v. *Henderson,* 329 Mass. 257, 258; *Ellis* v. *Doherty,* 334 Mass. 466, 468.

The Commonwealth's argument that the defendant was unavailable for trial while a Federal prisoner must fail where there is no showing that the Commonwealth took affirmative action to secure his presence and that the Federal authorities refused to release him to its custody. *Commonwealth* v. *McGrath,* 348 Mass. 748, 752–753. The Commonwealth made no attempt to gain custody of the defendant in order that these indictments might be tried.

The Commonwealth argues that the defendant has not shown that the delay was to his prejudice. Under the analogous mandate of the Sixth Amendment of the Constitution of the United States, it has been held that prejudice need not be affirmatively shown. *United States* v. *Lustman,* 258 F. 2d 475, 477–478 (2d Cir.). See *Hedgepeth* v. *United States,* 364 F. 2d 684, 687 (Ct. App. D. C.). Contra *United States* v. *Jackson,* 369 F. 2d 936, 939 (4th Cir.). Prejudice is necessarily inherent in any long delay. *Petition of Provoo,* 17 F. R. D. 183, 203 (D. Md.), affd. 350 U. S. 857. See *Commonwealth* v. *Hanley,* 337 Mass. 384, 387; *United States* v. *Simmons,* 338 F. 2d 804, 808 (2d Cir.); *United States* v. *Chase,* 135 F. Supp. 230, 232 (N. D. Ill.). In *Bishop* v. *Commonwealth,* 352 Mass. 258, no showing of prejudice was required after a delay of two years.

In accordance with the terms of the report the three indictments are to be dismissed.                    *So ordered.*