COMMONWEALTH *vs.* FRANCESCO J. LAURIA.

Essex. March 1, 1971. — April 2, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, REARDON, & BRAUCHER, JJ.

*Practice, Criminal,* Speedy trial; Waiver; Continuance; Exceptions: failure to save exception. *Waiver. Constitutional Law,* Speedy trial. *Bank and Banking.*

A defendant convicted of knowingly aiding and abetting a bank officer to make a false entry in a bank report was not denied his constitutional right to a speedy trial, and impliedly waived such right, where it appeared that the case of the defendant was one of many related cases involved in a complex trial against many defendants and under numerous indictments, that a motion of the defendant for a speedy trial, filed seventeen days after he was indicted and shortly assented to by the Commonwealth, was never presented to a judge, that eight months after the defendant was indicted and when both parties were ready for trial the judge's attention was directed to newspaper publicity resulting from pleas of guilty to many indictments by a principal in the cases, that the judge in the circumstances determined the publicity to be prejudicial to a fair trial and on his own motion and over the defendant's objection continued the cases, that the defendant was tried about sixteen months after he was indicted, that during such period he was not in custody, and that he did not show prejudice from any delay. [171]

An assignment of error under G. L. c. 278, § 33D, based on the denial of a motion to which there was no exception, brought nothing to this court for review. [172]

An indictment for knowingly aiding and abetting a bank officer to make a false entry in a bank report in violation of G. L. c. 266, § 53A, was valid even though the defendant was not a bank employee. [172]

At the trial of an indictment for knowingly aiding and abetting a bank officer to make a false entry in a bank report, where the bank officer testified that he filled out a loan application in which the word "Consol," meaning consolidation, was inserted as the purpose of the loan and that the defendant then signed it, and where there was adequate evidence that the purpose of the loan was to finance a gambling operation and that the defendant knew its purpose was not consolidation, there was no merit in his contention that his conviction was not warranted because of a lack of evidence that he knew that "Consol" had been inserted in the application. [172]

INDICTMENT found and returned in the Superior Court on November 8, 1968.

The case was heard by *McLaughlin, J.*

*Anthony M. Fredella* for the defendant.

*Charles E. Chase,* Assistant Attorney General (*Ruth I. Abrams,* Assistant Attorney General, with him) for the Commonwealth.

BRAUCHER, J.   Lauria appeals under G. L. c. 278, §§ 33A–33G, from a conviction of aiding and abetting a bank officer to make a false entry in a bank report, in violation of G. L. c. 266, § 53A.   He makes three assignments of error: (1) denial of his motion to dismiss the indictment for failure to grant him a speedy trial, (2) denial of his motion for a directed verdict, and (3) denial of his motion for a new trial. There was no error.

1. From the docket entries and the transcript of the hearing on the motion to dismiss, the following facts appear. Lauria was indicted on November 8, 1968.   He moved for a speedy trial on November 25, 1968, and on February 4, 1969, the Commonwealth assented to the allowance of the motion.   On July 8, 1969, at a special sitting to handle this case and a related group of cases, both parties were ready for trial.   The Commonwealth brought to the judge's attention newspaper publicity based on the fact that a principal defendant had pleaded guilty to fifty-four indictments. The judge determined the publicity to be prejudicial to a fair and impartial trial of all the defendants, and on his own motion, over Lauria's objection, continued the cases.   In November, 1969, the Commonwealth moved for assignment

of a trial date, and by agreement trial was set for March 17, 1970. Lauria's motion to dismiss was filed and denied on March 16, 1970, and the case was tried, jury waived, on March 25, 1970, more than sixteen months after the indictment. During this period Lauria was not in custody, and there is no showing of prejudice through loss of evidence or the like.[1]

The right of a criminal defendant to a speedy trial is guaranteed by art. 11 of the Declaration of Rights and by the Sixth Amendment to the Constitution of the United States, applicable to the States under the Fourteenth Amendment. *Commonwealth* v. *Hanley,* 337 Mass. 384, 387, cert. den. sub nom. *Hanley* v. *Massachusetts,* 358 U. S. 850. *Commonwealth* v. *Chase,* 348 Mass. 100, 106. *Commonwealth* v. *McGrath,* 348 Mass. 748, 750. *Commonwealth* v. *Needel,* 349 Mass. 580, 581. *Bishop* v. *Commonwealth,* 352 Mass. 258, 260. *Commonwealth* v. *Thomas,* 353 Mass. 429, 431. *Commonwealth* v. *Green,* 353 Mass. 687, 689. *Commonwealth* v. *Marsh,* 354 Mass. 713, 715. *Commonwealth* v. *Wilson,* 355 Mass. 441, 445. *Klopfer* v. *North Carolina,* 386 U. S. 213, 222. *Smith* v. *Hooey,* 393 U. S. 374. *Dickey* v. *Florida,* 398 U. S. 30, 36–38. But the right may be waived. To negative the implication of waiver, Lauria's motion for a speedy trial should have been promptly presented to a judge. *Commonwealth* v. *Marsh, supra,* at 717. This was not done.

Lauria contends that the granting of a continuance over his objection on July 8, 1969, brought him within the principle that " '[w]hen a person charged with [a] crime is willing to proceed . . . to trial, no delay on the part of the prosecution is reasonable, except only that which is necessary for proper preparation and to secure the attendance of witnesses.' 1 Cooley, Constitutional Limitations (8th ed.) p. 646." *Commonwealth* v. *Thomas, supra.* We do not

---

[1] This case does not present the issue of such a long delay that there is a basis for a presumption that a fair trial cannot be had. See *Commonwealth* v. *Marsh,* 354 Mass. 713, 715, fn. 2. Compare *Commonwealth* v. *Green,* 353 Mass. 687, 688–689.

pass on that contention, for the continuance was not "delay on the part of the prosecution," but was ordered on the judge's own motion. A fair and impartial trial is not solely a right of the defendant; there is also a public responsibility to diminish the danger of pre-trial publicity. Compare *Kennedy* v. *Justice of the Dist. Court of Dukes County*, 356 Mass. 367, 376–379. We agree with the judge who denied the motion to dismiss that in all the circumstances the continuance was reasonable, and that in view of the number of indictments and defendants and the resulting complexities the trial was not unconscionably or unreasonably delayed.

We are very much aware of the evils of delay in the trial of criminal cases. See McLaughlin, Of Men and Buildings — Crisis in Judicial Administration, 55 Mass. L. Q. 331, 333–336. "Crowded dockets, the lack of judges or lawyers, and other factors no doubt make some delays inevitable." *Dickey* v. *Florida, supra*, at 38. In *People* v. *Ganci*, 27 N. Y. 2d 418, calendar congestion caused a delay of sixteen months during which the defendant was in prison for an unrelated crime, but the indictment was not dismissed. "Both Federal and State judicial agencies are currently addressing themselves to this acute public problem." *Id.* at 423. See *Frizer* v. *McMann*, 437 F. 2d 1312 (2d Cir.).

In Massachusetts, as elsewhere, trial priority ordinarily is given to defendants who are in custody. See G. L. c. 277, §§ 72, 72A. This means that delay caused by calendar congestion is greater for defendants free on bail like Lauria. Delay in his case was increased because his case was one of a complex group of related cases and because prejudicial publicity threatened the fairness of the trial. The United States Court of Appeals for the Second Circuit on January 5, 1971, promulgated a rule for Federal courts in that circuit requiring that as of July 5, 1971, a charge be dismissed if without good cause the government is not ready for trial within six months after the arrest or formal charge, and the Administrative Board of the Judicial Conference of New York announced that it was considering a similar rule on October 17, 1970. See *People* v. *Ganci, supra*, at 423;

8 Cr. L. Rep. 2251. Even under the Second Circuit rule, it is possible that Lauria's case would come within a provision for "delay occasioned by exceptional circumstances." 8 Cr. L. Rep. 2251, 2252. In any event, any system of undeviating time tables should be announced in advance. For example, the Second Circuit rules are to take effect six months from the date of the announcement.

2. The defendant assigns as error the denial of his motion for a directed verdict, but took no exception to the denial. An assignment of error under G. L. c. 278, § 33D, not based on an exception brings nothing to this court for review. *Commonwealth* v. *Underwood,* 358 Mass. 506, 509, and cases cited. We deem it appropriate, however, to say that we see nothing in Lauria's contention that only a bank employee can aid or abet a bank officer in making a false entry, or in his contention that there was no evidence that Lauria knew of the false entry. The entry in question was "Consol," meaning "consolidation," in the space on a loan application following the heading "Used for." There was adequate evidence that the purpose of the loan was to finance a gambling operation, and that Lauria knew the purpose was not consolidation; but it is contended that there was no evidence that Lauria knew that "Consol" had been inserted. We think it is a sufficient answer that the bank officer testified that he filled out the application and that Lauria then signed it.

3. Lauria concedes that if his argument on the motion for a directed verdict is not valid, the judge was justified in denying the motion for a new trial.

*Judgment affirmed.*