Commonwealth *v.* Needel.

COMMONWEALTH *vs.* RUBIN F. NEEDEL.

Hampden.    October 4, 1965. — October 28, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL,
& REARDON, JJ.

*Constitutional Law,* Speedy trial, Waiver of constitutional rights.    *Waiver.*
   *Practice, Criminal,* Speedy trial.

Violation of the constitutional right to a speedy trial of the defendant in
   an indictment not brought to trial thereon until his release from a
   Massachusetts penal institution more than four years after the return
   of the indictment was not shown in the circumstances where it appeared
   that in such interval, although the defendant twice inquired of the
   clerk of court what indictments were pending against him and once
   inquired the date of the next criminal session of the court, he never
   made any specific request for trial or protest at the delay, and a con-
   clusion was justified that he had waived his constitutional right.

INDICTMENTS found and returned in the Superior Court
on January 8, 1960.

Motions to dismiss and pleas in bar were heard by
*Macaulay,* J.

*Edgar A. Rimbold (Ronald J. Chisholm* with him) for the
defendant.

*Matthew J. Ryan, Jr.,* District Attorney, for the Com-
monwealth.

WHITTEMORE, J.    There was no error in the denial, on
September 22, 1964, of the defendant's motions to dismiss
indictments and his pleas in bar.    The indictments, respec-
tively for kidnapping (No. 11,026) and assault and robbery
while armed (No. 11,027), were returned in January, 1960.
The defendant was not brought to trial promptly, being in-
carcerated in the Massachusetts Correctional Institution at
Walpole for violation of a parole.    A bench warrant with
respect of No. 11,027 was filed at the institution in Feb-
ruary, 1960.    On July 10, 1964, after the expiration of the
previous sentence the defendant was arraigned in the Supe-
rior Court.    The defendant was tried on September 22,
1964, and convicted and sentenced in due course.

The motions and pleas were grounded on the contention
that the defendant's right to a speedy trial, as guaranteed

in the Constitutions of the United States and the Commonwealth of Massachusetts, had been violated. The only evidence at the hearing on the motions and the pleas were the "papers themselves" — that is, the court files and certain correspondence therein. The defendant testified at the trial.

The right to a speedy trial is personal and may be waived; in the absence of circumstances negativing the implication, failure to demand prompt trial implies waiver. *Commonwealth* v. *Hanley,* 337 Mass. 384, 387–388 (cert. den. sub nom. *Hanley* v. *Massachusetts,* 358 U. S. 850), and cases cited. *United States* v. *Hill,* 310 F. 2d 601, 603 (4th Cir.), and cases cited. There is nothing in *Commonwealth* v. *McGrath,* 348 Mass. 748, 752, that modifies this rule.

The defendant on March 12, 1960, wrote the clerk asking what indictments were pending against him. On March 16, 1961, he wrote asking what indictments were pending and the date of the next criminal session. The clerk answered as to No. 11,026 in March, 1960, and as to both indictments in a letter dated March 20, 1961, which also stated that "[t]he next criminal session of this court convenes on the first Monday of May next. For further information, we suggest that you write to Matthew J. Ryan, District Attorney, 37 Elm Street, Springfield, Massachusetts." The defendant on October 16, 1961, requested copies of the indictments in accordance with G. L. c. 277, § 67. A copy of indictment No. 11,026 was sent in October, 1961, and, in answer to a letter of February 20, 1963, asking expressly for the indictment No. 11,027, it was sent in that month.

Statute 1963, c. 486, inserting § 72A[1] in G. L. c. 277, became effective September 18, 1963. Notice by the commissioner of correction to the defendant is to be presumed in

---

[1] "The commissioner of correction shall, upon learning that an untried indictment, information or complaint is pending in any court in the commonwealth against any prisoner serving a term of imprisonment in a correctional institution of the commonwealth, notify such prisoner in writing thereof, stating its contents, including the court in which it is pending, and that such prisoner has the right to apply, as hereinafter provided, to such court for prompt trial or other disposition thereof. Such application shall be in writing and given or sent by such prisoner to the commissioner of correction, who shall promptly forward it to such court by certified mail, together with a certificate of said commissioner stating (a) the term of commitment under which such

view of the bench warrant lodged at the correctional institution in 1960. There is no showing of a demand by the defendant for trial under this statute or at any time before its enactment.

The letter asking the date of the next criminal session implies a belief in the possibility that the law permitted a trial at that time. In the circumstances, including the absence of any request for trial or protest at the delay, the letter of March 16, 1961, requesting the date of the next session is not to be construed as a request for trial.

The defendant points out that, had he been promptly arraigned, Rule 10 of the Rules for the Regulation of Practice before the Full Court, 345 Mass. 792 (assignment of counsel in noncapital cases) would have assured him of counsel had he so wished and that counsel would have advised him of his constitutional rights. But on this record, there being no testimony by the defendant on the point, we do not conclude that he was concerned to be tried promptly or that, with competent legal advice, he would have pressed for trial. See *Fouts* v. *United States*, 253 F. 2d 215, 218 (6th Cir.): "Indeed, situations are conceivable where it might be better strategy for the defendant to fail to insist upon a speedy trial rather than to demand one."

At the hearing on the motions and pleas, there was no testimony to show that the defendant was prejudiced by the delay. At the trial there was inconclusive testimony of some effort, unsuccessful, to find a witness, unidentified by name, who allegedly could have supported the defendant's alibi. We do not reach the question how far such testimony, after the denial of the motions and pleas, could be availed of by the defendant in support of exceptions to the denial thereof.

*Judgments affirmed.*

prisoner is being held, (b) the amount of time served, (c) the amount of time remaining to be served, (d) the amount of good time earned, (e) the time of parole eligibility of such prisoner, and (f) any decisions of the board of parole relating to such prisoner. Said commissioner shall at the same time notify the appropriate district attorney by certified mail of the forwarding of such application to such court. Any such prisoner shall, within six months after such application is received by the court, be brought into court for trial or other disposition of any such indictment, information or complaint, unless the court shall otherwise order." See now St. 1965, c. 343.