Rubin F. **NEEDEL**, Petitioner, Appellee,

v.

Palmer C. **SCAFATI**, Superintendent, Respondent, Appellant.

No. 7199.

United States Court of Appeals
First Circuit.

March 20, 1969.

Certiorari Denied Oct. 13, 1969.

See 90 S.Ct. 133.

James B. Krasnoo, Asst. Atty. Gen., with whom Elliot L. Richardson, Atty. Gen., was on brief, for appellant.

Reuben Goodman, Boston, Mass., with whom Robert A. Novick, Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

This is an appeal by the Commonwealth of Massachusetts from an order of the district court granting petitioner's request for a writ of habeas corpus based on the denial of his right to a

speedy trial. The appeal also embraces issues concerning the possible waiver of that right and the exhaustion of state remedies necessary before federal habeas corpus may be sought. Because of the exhaustion issue, we shall separate the facts and legal issues as they were presented in the state and federal proceedings.

### State Court Proceedings

Petitioner, while incarcerated in a Massachusetts correctional institution for another offense, was indicted for kidnapping and assault-and-robbery in January, 1960. He learned of the indictments a month later. Four and one half years later, in July of 1964, he was released from custody under his prior sentence and immediately arraigned under the 1960 indictments. At trial in September, 1964, petitioner's court-appointed counsel filed a plea in bar and motion to dismiss on the ground that petitioner had been denied a speedy trial.

The hearing on the motion and plea proceeded on the theory that certain letters exchanged between petitioner and the clerk of the Hampden County superior court between March of 1960 and February of 1963 were "tantamount to a request for speedy trial."[1] The prosecution contended, without contradiction or response, that petitioner "knew of all his rights", could have had the services of a public defender, and should have moved for trial. The state trial court in denying the motions observed that as of a year earlier a new law, Mass. Gen. Laws ch. 277 § 72A, had provided for written notice of a prisoner's right to a speedy trial,[2] that petitioner knew of the indictments, but that none of petitioner's letters had requested a speedy trial.

1. This correspondence can best be described as a limping one—the petitioner asking what indictments were outstanding against him; the clerk giving information only as to one of the two; the petitioner repeating his question a year later and the clerk finally supplying information as to the second indictment and the advice to write the district attorney; the petitioner, a half year later, requesting copies

of the indictments and the clerk, true to form, supplying only one of the two; and the petitioner, sixteen months later, asking for a copy of the second indictment.

2. The fact that no such written notice was given petitioner became known only in the later federal hearing.

On appeal petitioner urged that it was not his duty to move for a speedy trial; that, nevertheless, petitioner's letters to the court clerk "could be construed to have been a request for a speedy trial"; and that in any event, the Commonwealth had not shown that petitioner knew of his right to a speedy trial and intelligently waived it. In answer to the Commonwealth's argument that petitioner could have had the services of a public defender, petitioner pointed out that, not having been speedily arraigned, there had been no occasion for the appointment of counsel. There was no argument addressed to prejudice, the brief apparently assuming that the passage of time alone was sufficient to demonstrate prejudice.

The Massachusetts Supreme Judicial Court affirmed the rulings denying the motion and plea on the ground of waiver. Referring to petitioner's argument that he had not been assigned counsel at an early stage who would have advised him of his constitutional rights, it held: "But on this record, there being no testimony by the defendant on the point, we do not conclude that he was concerned to be tried promptly or that, with competent legal advice, he would have pressed for trial." Commonwealth v. Needel, 349 Mass. 580, 582, 211 N.E.2d 335, 337 (1965). As to the question whether the delay in bringing petitioner to trial was prejudicial, the court noted that there had been some "inconclusive testimony" at the trial—but not at the hearing on the motion and plea—concerning an effort to locate unidentified alibi witnesses. But, having held that petitioner had waived his right to a speedy trial, the court did not reach this issue.

### Federal Court Proceedings

Petitioner then sought habeas corpus in the district court and moved for summary judgment on the basis of the pleadings and affidavits containing the transcript of arguments on the motion to dismiss and the plea in bar, the correspondence introduced in the state court hearing, and petitioner's brief on appeal to the Supreme Judicial Court. The theory of the motion was that on the basis of the pleadings and affidavits the Commonwealth had not, as a matter of law, fulfilled its burden of showing petitioner's affirmative acquiescence in waiving his rights to counsel and speedy trial. The district court denied the motion, concluding that there was a genuine issue as to the material fact of waiver.

An evidentiary hearing was held in which the petitioner testified to his lack of knowledge of his rights to both a speedy trial and to counsel, to the failure of the Commonwealth pursuant to Mass. Gen. Laws ch. 277 § 72A to give him a written notice of his right to a speedy trial and of the procedures to follow in exercising that right, and to his unsuccessful efforts while incarcerated to locate two alibi witnesses. Documentary evidence was also introduced in the form of letters from the Commissioner of Correction and Chairman of the Massachusetts Parole Board, some of which arguably indicated that a detainer might adversely affect a prisoner's opportunities to demonstrate his rehabilitation as a basis for a favorable parole decision. All of this was evidence which had not been made available at the state court hearing.

The district court, before arriving at its final conclusions that the delay in bringing petitioner to trial had been prejudicial and that there had been no waiver, found that petitioner had exhausted his state remedies. It found specifically that the issue of deprivation of right to a speedy trial had been raised in the state courts. It found, however, that the factual issues of waiver and prejudice had not been adequately developed at the state court hearings and that the state court "findings of waiver and lack of prejudice are not fairly supported by the record in the State proceeding."

It could be argued that this latter finding provides a separate and independent ground for conducting a new

federal evidentiary hearing, 28 U.S.C. § 2254(d)(8), and that therefore this court need not deal with the exhaustion problems posed by the injection of new facts and arguments. To begin with, however, the state record contains no finding as to prejudice, the Supreme Judicial Court having explicitly and reasonably declared that, having decided the argued issue of waiver as it did, on the limited record before it, it did not reach that issue. Commonwealth v. Needel, supra, at 582, 211 N.E.2d 335. We next observe that if the record failed to support that court's determination on the issue of waiver, the district court was in error in denying petitioner's motion for summary judgment on the specific ground that there was a genuine issue of fact as to waiver. More important—since the court on reflection could properly have changed its mind—is the fact that in finding an absence of waiver it relied heavily on the additional testimony of petitioner as to his lack of knowledge of his rights not found in the prior state record.

It is of course arguable that even though the district court looked to the new evidence to support its finding of no waiver, we could rule as a matter of law that the standard applied by the Supreme Judicial Court to the record before it commanded such a finding. Indeed this is precisely what counsel for petitioner urged the district court to do on the basis of a lack of counsel at a critical stage which could automatically preclude a finding of waiver.

This, however, it did not do. Nor are we disposed to do so. We recognize that Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), not only makes the Sixth Amendment right to speedy trial applicable to the states, but declares it as "one of the most basic rights preserved by our Constitution." *Id.* at 226, 87 S.Ct. at 995. We further recognize that the right to a speedy trial has been recently applied retroactively to the states. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (Jan. 20, 1969). It could therefore be argued

that waiver of the federally guaranteed right to a speedy trial cannot be predicated on a silent record as to knowledge of that right, Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), but must be supported by evidence of an "intentional relinquishment * * * of a known right", Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), particularly where there is no affirmative evidence that petitioner was advised of his right to speedy trial or of his right to counsel.

■ The problem is that a defendant's need for counsel in relation to his right to speedy trial is significantly different from his need for counsel in relation to making statements to the police or to entering a plea or to the trial of his cause. In the latter situation a defendant's need to be advised by counsel of alternative courses of action exists at a specific time when a critical decision must be made. In the former situation, there is no precise way of telling when lack of knowledge of the right to speedy trial becomes prejudicial to one who has been indicted. He is not forced to make any final decision at any given point of time. Indeed, he may consider that the passage of time is working for him rather than against him. Under such circumstances it is impossible, except perhaps in a case of extreme delay, for a reviewing court, without some evidence of prejudice, to point to a stage that could be called critical when absence of affirmative evidence of knowledge of rights prevents a finding of waiver. This is consistent with the widespread recognition of courts that a determination of denial of the right to speedy trial must take into consideration the four factors of length of delay, cause or motivation, prejudicial results, and waiver. See United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966) and Note, The Right to a Speedy Trial, 20 Stan.L.Rev. 476, 478 (1968); *see also* Pitts v. North Carolina, 395 F. 2d 182 (4th Cir.1968).

But on the record before the Massachusetts courts, the petitioner knew of

the existence of the indictment. There was not only no allegation that petitioner did not know of his right to a speedy trial, but a representation by the prosecutor, unresponded to, that petitioner "knew of all his rights"; no evidence as to the cause or motive for delay; no claim of prejudice caused by the detainer or erosion of evidence (except the reference at trial, not contained in the motion proceedings being reviewed, to some attempt to locate unidentified alibi witnesses) and no indication that Massachusetts officials had not strictly complied with the notice provisions of Mass. Gen. Laws ch. 277 § 72A. There was only an ambiguous, desultory series of letters between petitioner and the county clerk which were introduced, not to show absence of knowledge of rights, but as evidence "tantamount to a request for a speedy trial". While with hindsight one can find in the state court record seeds of the argument, so vigorously urged in the federal court, based on alleged lack of knowledge of petitioner's right to a speedy trial and to counsel, the seeds never came to visible fruition.

We therefore do not hold, as a matter of law, that the then record before the Supreme Judicial Court failed to support its finding as to waiver.

This brings us to the district court's finding that the factual issues before the state court were not adequately developed. Of course it now appears that they were not. In the state proceedings the only evidence on the waiver issue was petitioner's correspondence with the court clerk. We have discussed above the additional testimonial and documentary evidence introduced in the federal hearing by petitioner relating to his knowledge of his rights and the prejudice allegedly caused by the delay. All of this new evidence was within the control of petitioner. No reason appears for his not testifying in the state hearing on his motion to dismiss or for not

introducing correspondence on the possible effect of a detainer at that hearing.

This is not a situation where the state's corrective processes are inadequate or where a state court's prior actions and proven attitudes are such that we could excuse a failure to invoke its judgment on a complete record. See, e. g., Commonwealth v. Green, 1968 Mass. Adv.Sh. 309, 234 N.E.2d 534; Bishop v. Commonwealth, 352 Mass. 258, 225 N.E. 2d 345;[3] Note, State Criminal Procedure and Federal Habeas Corpus, 80 Harv.L.Rev. 422 (1966); and Sokol, Handbook of Federal Habeas Corpus, (1965), § 23, p. 119. Adequate post-conviction procedures exist in Massachusetts to present the evidence and arguments which the district court considered. Mass. Gen. Laws ch. 248 § 1. Nor is this a situation like that confronted by the Supreme Court in Smith v. Yeager, 393 U.S. 122, 89 S.Ct. 277, 21 L.Ed.2d 246 (1968), where reconsideration by a state court in the light of a superseding clearly applicable Supreme Court ruling would make such reconsideration purely formal; nor is it like Roberts v. LaVallee, 389 U.S. 40, 43, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967) where a subsequent state court resolution could be said to be "predetermined by established federal principles".

■■ Under all these circumstances we hold that the district court erred, not in holding an evidentiary hearing, but in granting the writ when it was able to appraise the relevance and weight of evidence which petitioner had been able to but did not present to the state court. We think that this is within the spirit and teaching of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). *See also* Spencer v. Wainwright, 403 F.2d 778 (5th Cir.1968). In so holding, we recognize that the district court may very well have been induced to give too little attention to the issue of exhaustion by the ultimate apparent ac-

---

3. Indeed the Massachusetts Supreme Judicial Court has taken specific note of the decision below, characterizing it as based "upon a showing of circumstances not before this court." Commonwealth v. Marsh, 1968 Mass.Adv.Sh. 1229, 1232 n. 5, 242 N.E.2d 545.

quiescence of counsel for the Commonwealth. In advance of knowing the nature of any additional evidence, counsel may not have been able to take any other position. Even so, this does not justify the lack of argument on this point as the evidentiary hearing concluded. The doctrine of exhaustion, however, based on a sensitive respect for the capacity of a coordinate judicial system, is not a matter for waiver by counsel.

We are reluctant to prolong petitioner's pursuit and to nullify the careful efforts of the district court. But if the state and federal judicial systems are to work in complementary harmony, the state courts must be given a fair chance to assess constitutional issues. While federal courts should not abstain from decision simply because of the appearance of additional bits of evidence, inevitable in a new hearing, we find here that the underlying thrust of the issues posed and the evidence adduced presented petitioner's case in a significantly different posture from that considered by the Massachusetts Supreme Judicial Court. Under these circumstances, we decide that the judgment below should be reversed and remanded with instructions to dismiss the petition.