**James E. DOMAINGUE, Petitioner, Appellant,**

v.

**Fred BUTTERWORTH et al., Respondents, Appellees.**

**No. 80–1415.**

United States Court of Appeals, First Circuit.

Submitted Oct. 10, 1980.

Decided Feb. 12, 1981.

Gary S. Pfisterer, Springfield, Mass., by appointment of the Court, on brief for petitioner, appellant.

Francis X. Bellotti, Atty. Gen., Barbara A. H. Smith, Asst. Atty. Gen., Chief, Criminal Appellate Division, and Harvey A. Schwartz, Asst. Atty. Gen., Boston, Mass., Criminal Bureau, on brief for respondents, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

In 1977, James Domaingue was convicted and sentenced to state prison on two indictments for assault and battery with a dangerous weapon, charges that stemmed from a barroom altercation in western Massachusetts. The sole issue presented by this appeal is whether the district court erred in dismissing Domaingue's petition for a writ of habeas corpus, 28 U.S.C. § 2254, without holding an evidentiary hearing on his claim that he had received ineffective assistance of counsel.

### Prior Proceedings

Domaingue's ineffective assistance of counsel claim developed and broadened as he made his way through the Massachusetts and federal courts. Although trial counsel did not file a timely appeal from the conviction, a public defender appointed to represent Domaingue obtained leave to file a late notice of appeal, Mass.G.L. c. 278, § 33H (repealed July 1, 1979). To the Massachusetts Appeals Court, appellate counsel argued that the trial judge's instruction on self-defense was inadequate and shifted the burden of proof to the defendant, and contended that trial counsel was ineffective in connection with his failure to request a proper self-defense instruction or except to the one given. The Appeals Court agreed the self-defense instruction given was cryptic and inadequate, but thought the charge tilted in Domaingue's favor in one respect and trial counsel may have made a tactical judgment not to except. Even assuming the failure to except stemmed from counsel's ignorance of the law of self-defense, the Appeals Court concluded trial counsel had been effective because, through cross-examination and argument, he "preserved the only tenuous defense available" and because the self-defense instruction given "did not adversely affect the jury's appraisal of the meagre self-defense testimony as to the confrontation between the defendant and [the victim] Brooke."[1] *Commonwealth v. Domaingue*, Mass.App.Ct.Adv.Sh. (1979) 1655, 1663–65, 392 N.E.2d 1207, 1211–12. Appellate counsel sought further appellate review in the Supreme Judicial Court.

Present counsel entered the case by filing a supplemental application for further appellate review, in which he urged the Supreme Judicial Court "to scrutinize the entire record on review, not merely to examine the question [of effectiveness of counsel] with regard to the failure to object to a jury instruction." Present counsel asserted that the record and docket disclosed that trial counsel had waived eleven pre-trial motions and had subpoenaed but later dismissed two defense witnesses—one of whom was to offer evidence that Domaingue acted in self-defense and the other of whom was a psychologist prepared to testify about Domaingue's "mental status with regard to capacity, intent and insanity."[2] Present counsel also argued that it would deny due process of law to refuse to review the erroneous self-defense instruction because an exception to it had not been taken. The Supreme Judicial Court denied further appellate review.

In addition, while the further appellate review application was pending, present counsel filed a motion for a new trial in the

---

1. As to the second victim, Strong, the Appeals Court held that the evidence did not raise the issue of self-defense, but that trial counsel had effectively suggested through brief cross-examination and argument that the assault on Strong was "so minimal as not to amount to criminal conduct." *Commonwealth v. Domaingue*, Mass.App.Ct.Adv.Sh. (1979) 1655, 1662–63, 392 N.E.2d 1207, 1211.

2. We doubt the record disclosed this much. The docket entries do show trial counsel waived seven discovery motions and Domaingue was examined by a psychiatrist prior to trial. The trial transcript also shows that, at the outset of the trial, trial counsel announced a Dr. Capers would be a defense witness, but that the only defense witness ever called was Domaingue. It does not appear, however, that the record on appeal in state court showed that two defense witnesses had been dismissed or what their testimony would have been.

trial court. As well as citing trial counsel's waiver of pretrial motions, dismissal of two defense witnesses, and failure to object to the court's self-defense instruction, present counsel attacked trial counsel's performance by saying trial counsel had taken Domaingue's case over from his law partner between indictment and trial, was only "superficially familiar" with the case, and failed to protect Domaingue's rights or present his best defenses. In the new trial motion, present counsel also alleged prosecutorial misconduct (threats by the prosecutor that induced trial counsel to dismiss the two defense witnesses) and the existence of newly discovered evidence (from a witness who was unavailable at trial and would testify Domaingue acted in self-defense).

At the hearing on the new trial motion, present counsel took the position that "[m]any things [bearing on the adequacy of trial counsel] didn't come out through the appellate process," adding to the previously mentioned factors trial counsel's decision to call Domaingue to the stand with the knowledge Domaingue recalled virtually nothing about the events in question, and trial counsel's failure to file a timely appeal or new trial motion. Present counsel tendered no affidavits or evidence in support of his ineffective assistance of counsel or prosecutorial misconduct claims,[3] although he did present an affidavit from the witness whose testimony was said to be newly discovered evidence. The new trial motion was denied from the bench, without significant explanation.

Within two weeks, present counsel filed the instant petition for a writ of habeas corpus in federal district court. In the petition, he alleged that trial counsel had been ineffective for reasons enumerated previously, e. g., he waived pre-trial motions, dismissed two defense witnesses, called the defendant to the stand without warning and for no reason, failed to object to a blatantly erroneous self-defense instruction,

and failed to seek appellate review. The petition also included claims that (1) the self-defense instruction given denied Domaingue due process, (2) Domaingue was denied meaningful appellate review of the instruction because no objection had been taken to it, and (3) the prosecutor failed to disclose exculpatory evidence. It was admitted that the last of these claims had not been presented to the state courts.

In a brief filed in support of the habeas corpus petition, present counsel elaborated on the ineffective assistance of counsel claim by adding that trial counsel did no investigation, never interviewed any witnesses, failed to request a change of venue though aware of Domaingue's notoriety in the area, failed to confer with Domaingue about trial strategy, and went to Cape Code for the weekend before trial instead of keeping an appointment with Domaingue. Present counsel requested an evidentiary hearing on the ineffective assistance of counsel claim, contending the record was inadequate for an assessment of trial counsel's investigation, preparation, and defense of the case. Listed as potential witnesses at such an evidentiary hearing were trial counsel and Domaingue. Present counsel also intended to introduce the report of the psychiatrist, Dr. Capers, who trial counsel did not call to the stand.

The request for an evidentiary hearing was opposed by the Commonwealth, which took the position that the ineffective assistance of counsel claim had been exhausted only as it pertained to trial counsel's failure to object to the self-defense instruction. The request for an evidentiary hearing was referred to a magistrate.

Although the magistrate's opinion is not entirely clear, it appears he thought the ineffective assistance of counsel claim, as well as the claim that the self-defense instruction denied Domaingue due process, had been exhausted in the state courts, but the "meaningful appellate review claim"

---

**3.** Present counsel did specify his claim of prosecutorial misconduct by representing that, when defense counsel indicated he was going to call Dr. Capers to testify about Domaingue's alcoholic blackouts, in order to lay a foundation for an insanity defense, a prosecutor threatened to demand a mistrial and keep trial counsel in Pittsfield for another two weeks. The District Attorney's Office heatedly denied these assertions during the hearing.

had not. (He noted that the claim that the prosecutor withheld exculpatory evidence had been waived.) The magistrate concluded that, in any event, an evidentiary hearing was unnecessary because the record and Appeals Court findings were adequate. Moreover, he apparently rejected the ineffective assistance of counsel claim as unfounded.

Upon consideration of the magistrate's report, the district judge denied an evidentiary hearing and dismissed the habeas corpus petition without prejudice. His ruling was as follows:

> The Court agrees with the Magistrate's findings that there is no need for an evidentiary hearing. The Court has considered the entire record and finds that petitioner received all constitutional proprieties during his state trial and appeal on those issues raised to date. Since other issues have not yet been determined in the state courts, this Court cannot act on same at this juncture. Accordingly, the Court dismisses this case without prejudice. It is so ordered.

From this ruling, it is unclear whether the district court felt the ineffective assistance of counsel claim had been exhausted in whole or in part. Domaingue appealed the dismissal of his petition; the district court granted a certificate of probable cause.

### The Issue on Appeal

The sole argument made by Domaingue on appeal is that the district court should have held an evidentiary hearing on his ineffective assistance of counsel claim. The Commonwealth's position is that, because Domaingue had not exhausted state remedies on this claim in its present form, the district court was justified in denying an evidentiary hearing and dismissing the petition without prejudice. We are in essential agreement with the Commonwealth.

■ To have exhausted state remedies, as required by 28 U.S.C. § 2254(b)–(c), a habeas corpus petitioner must have presented the substance of his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971). The exhaustion requirement is not satisfied

if a petitioner presents new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly different light. *E. g., Turner v. Fair*, 617 F.2d 7, 11 (1st Cir. 1980); *Needel v. Scafati*, 412 F.2d 761, 766 (1st Cir.), cert. denied, 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 113 (1969). *See Picard v. Connor, supra*, 404 U.S. at 276–77, 92 S.Ct. at 512–513.

It is plain that Domaingue's present claim of ineffective assistance of counsel is materially broader than the one he originally presented to the Massachusetts Appeals Court. *Compare United States ex rel. Johnson v. Johnson*, 531 F.2d 169, 173 & n.8 (3d Cir.), cert. denied sub nom. *Johnson v. Johnson*, 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976). As aptly summarized in Domaingue's brief on appeal, the present claim is that "[trial] counsel indulged not only in misfeasance but nonfeasance at virtually every stage of the proceedings." In the Appeals Court, the attack on counsel's performance was focused narrowly on his lack of reaction to a defective self-defense instruction; it was this claim the Appeals Court rejected.

■ By petitioning the Supreme Judicial Court unsuccessfully for further appellate review, Domaingue did not, in our opinion, exhaust his state remedies on his present, broad-gauge claim. It is true that present counsel attempted, in his supplemental application for further appellate review, to enlarge the scope of the original claim by urging the Supreme Judicial Court to evaluate trial counsel's effectiveness on the basis of the whole record and by pointing out that the record disclosed other deficiencies in his performance, such as his waiver of pre-trial discovery motions and his failure to call one or more defense witnesses. Whether this could serve to exhaust state remedies on a broader claim of ineffective assistance than that presented to the Appeals Court is open to doubt. *See Grieco v. Hall*, 487 F.Supp. 1193, 1198–99 (D.Mass. 1980); *Ford v. Flaherty*, 364 Mass. 382, 387, 305 N.E.2d 112, 116 (1973). *Cf. Frazier v. Langlois*, 412 F.2d 766, 767 (1st Cir. 1969) (motion to reargue appeal in state supreme court was an inadequate vehicle, under

Rhode Island law, to raise new issues). Even if it could, and the legal theory advanced to the Supreme Judicial Court could be considered the substantial equivalent of the one presented in federal court, we would not find that state remedies had been exhausted on direct appeal. This is because Domaingue's present claim of ineffective assistance of counsel depends in large measure on factual allegations outside the record on direct appeal to the state courts, e. g., allegations that trial counsel took the case over from his partner at a late date, was unfamiliar with the case and did no investigation, failed to confer with Domaingue about trial strategy, called Domaingue without warning and for no apparent purpose to the stand, and dismissed two defense witnesses who would have supported defenses of self-defense and insanity.[4] In these circumstances, we think exhaustion of state remedies on Domaingue's present ineffective assistance of counsel claim required further, collateral proceedings in the state courts. *United States ex rel. Williams v. Israel*, 556 F.2d 865, 866 (7th Cir. 1977); *Burnside v. Sigler*, 451 F.2d 987, 988 (8th Cir. 1971); *Schiers v. California*, 333 F.2d 173, 176 (9th Cir. 1964). We are confirmed in this view by the fact that present counsel filed a motion for new trial while the request for further appellate review was still pending, and said at the hearing on the new trial motion that "many things" bearing on the adequacy of trial counsel's representation "didn't come out through the appellate process." *See also United States v. Maguire*, 600 F.2d 330, 332 n.1 (1st Cir.), *cert. denied*, 444 U.S. 876, 100 S.Ct. 159, 62 L.Ed.2d 104 (1979).

■ Although the motion for a new trial set Domaingue on a route along which he could exhaust state remedies, he had not done so at the time he filed his federal habeas corpus petition. At that point, the new trial motion had been heard and denied in the trial court. Assuming *arguendo* that Domaingue's claim was adequately presented to the trial court through this vehicle,[5] Domaingue was nevertheless required to appeal the denial of his new trial motion in order to exhaust state remedies. *See Nelson v. Moriarty*, 484 F.2d 1034, 1036 (1st Cir. 1973); Mass.R.Crim.P. 30(c)(8) (effective July 1, 1979); *compare Balthazar v. Superior Court*, 428 F.Supp. 425, 430 (D.Mass. 1977), *aff'd on other grds.*, 573 F.2d 698 (1st Cir. 1978). This course was still open to him at the time he filed his habeas corpus petition.[6] *See generally Fay v. Noia*, 372 U.S. 391, 399, 83 S.Ct. 822, 827, 9 L.Ed.2d 837 (1963). This being so, Domaingue's ineffective assistance of counsel claim was subject to dismissal to exhaust state remedies. *Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972).

■ We do not think Domaingue could avoid this result by requesting an evidentiary hearing. We do not see anything in *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), a case in which the exhaustion of state remedies was not disputed, *id.* at 296, 83 S.Ct. at 748, that required the district court to hold an evidentiary hearing. Moreover, the fact that the exhaustion requirement and the prerequisites for an evidentiary hearing set forth side by side in 28 U.S.C. § 2254(b)–(d) suggests that, when a habeas corpus petitioner has not exhausted available state remedies by presenting his claim, with its essential factual underpinnings, to the state courts, he cannot command an evidentiary hearing in the federal courts. *Needel v. Scafati, supra*, 412 F.2d 761, is not to the contrary. Although in that case we did not fault a district judge for holding an evidentiary hearing at which significant new evidence emerged, we ultimately ordered dismissal of the habeas corpus petition for failure to

---

4. This last failing was said in the supplemental further appellate review application to be disclosed by the record on appeal, but we do not think this was entirely so. *See* note 2, *supra*.

5. The Commonwealth disputes even this, arguing that the failure to present affidavits or evidence in support of the ineffective assist-

ance claim was a procedural default under Massachusetts law.

6. The new trial motion was denied on December 21, 1979. The habeas corpus petition was filed on January 3, 1980, thirteen days later. *See* Mass.R.App.P. 4(b); Mass.R.Crim.P. 30(b), (c)(8) (effective July 1, 1979).

exhaust state remedies. *Id.* at 765–66. That decision does not mandate an evidentiary hearing in this case.

█ Although we conclude that Domaingue had not exhausted his state remedies on his present claim by the time he filed his habeas corpus petition, we are aware that Domaingue may no longer have any available state remedies to exhaust. The Commonwealth has informed us in its brief that Domaingue failed to file a timely notice of appeal from the denial of his motion for a new trial and that the Massachusetts Appeals Court denied his motion for leave to file a claim of appeal late. Annexed to the Commonwealth's brief is the order denying leave to appeal late, which appears to have been entered by a single justice of the Appeals Court; we do not know whether an appeal from this order could be or has been taken. Even if we could take notice of the Appeals Court order and be sure Domaingue's state remedies are now exhausted, *compare Salama v. Virginia*, 605 F.2d 1329, 1330 (4th Cir. 1979), we would not vacate the district court's dismissal of the habeas corpus petition without prejudice. Our practice has been to determine the question of exhaustion as of the time a habeas corpus petition was filed, not as of the time the case is heard on appeal, and to require a new petition to be filed if state remedies are subsequently exhausted. *Belbin v. Picard, supra,* 454 F.2d at 204.[7]

Should a new habeas corpus petition be filed, it will be up to the district court to determine whether Domaingue's present claim of ineffective assistance has at that point been exhausted. It will also be open to the district court to entertain argument,

presently made by the Commonwealth, that Domaingue's broad claim of ineffective assistance of counsel cannot be pressed in the federal courts because of procedural defaults in state courts, *e. g.*, the failure to supply affidavits or evidence in support of the ineffective assistance of counsel claim and the failure to timely appeal the denial of the new trial motion. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). On this point we express no opinion.

*Affirmed.*

---

7. We do not think the brief *per curiam* opinion in *Sharpe v. Buchanan,* 317 U.S. 238, 63 S.Ct. 245, 87 L.Ed. 238 (1942) requires different action in this case. As the court in *Salama v. Virginia,* 605 F.2d 1329, 1330 & n.1 (4th Cir. 1979), noted, *Sharpe* was a unique case with a long procedural history. There the circuit court dismissed a federal habeas corpus petition on the ground that the petitioner had failed to seek state habeas corpus relief (although he had applied for a writ of error coram nobis); subsequently state habeas corpus relief was sought and denied and the state court of appeals affirmed, ruling that the relief Sharpe

sought was not obtainable by habeas corpus. The Supreme Court vacated and remanded, saying only "[i]t thus appears that this obstacle to a consideration of the merits of petitioner's application, which the Circuit Court of Appeals encountered, has now been removed." *Id.* at 239, 63 S.Ct. at 246. We do not interpret this ruling to require us to vacate an order of dismissal for failure to exhaust whenever state remedies have been exhausted while a case is on appeal. *But see* 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 4264, at 654 & N.67 (1978 ed.).