COMMONWEALTH *vs.* PETER H. REMICK. November 13, 1973. The defendant was convicted of armed robbery after a trial held pursuant to the provisions of G. L. c. 278, §§ 33A-33G. Although the defendant acted as his own attorney, the court afforded him the continual presence and assistance of a member of the Massachusetts Defenders Committee during the trial. The one assignment of error asserts that the trial judge erred in failing to charge the jury "sua sponte" on the "law of circumstantial evidence." As no exception was taken to any part of the charge, the assignment of error brings nothing to this court for review. *Commonwealth* v. *McCauley,* 355 Mass. 554, 558 (1969). *Commonwealth* v. *Lauria,* 359 Mass. 168, 172 (1971). The defendant asks us to exercise the power referred to in *Commonwealth* v. *Conroy,* 333 Mass. 751, 756-757 (1956), and *Commonwealth* v. *Freeman,* 352 Mass. 556, 564

(1967). Our examination of the transcript of the trial, including the judge's charge, does not reveal any likelihood of a miscarriage of justice.

*Judgment affirmed.*

*Malvine Nathanson,* of New York, for the defendant.

*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.