COMMONWEALTH *vs.* RONALD MAYNARD. November 21, 1974. At a jury trial held subject to the provisions of G. L. c. 278, §§ 33A-

33G, the defendant was found guilty of armed robbery and other offenses and was sentenced. He assigns as error the judge's allegedly having allowed him to proceed "pro se," without first determining if the election to do so was knowingly and intelligently made and without first examining the defendant and advising him of the possible consequences of so proceeding. He submits that to permit the defendant's "waiver of counsel was error in that said waiver was not knowingly and intelligently" made. There was no error. When the case was called for trial the defendant's court-appointed attorney moved to be permitted to withdraw from the case, representing that the defendant had expressed a desire to have another (unnamed) lawyer appointed. The judge denied that motion, directed the attorney to continue to act as counsel, but permitted the defendant to "act as his own counsel, pro se" if he wished. What the judge did, in essence, was to permit a modification of the usual trial procedure by allowing the defendant himself to examine witnesses and argue his case, with counsel available at all times for consultation or for resumption of the full conduct of the trial. No objection was made to this procedure. On the contrary, it is clear from the record that the defendant participated in working it out and acquiesced in it. The trial proceeded with the attorney assisting. No question is raised as to the attorney's competence and preparation for trial. The defendant's election to act as he did was not a waiver of his right to counsel. See *Commonwealth* v. *Scott,* 360 Mass. 695, 698-701 (1971). Contrast *Commonwealth* v. *Mott, ante,* 47, 49-52 (1974). No question has been raised or argued concerning the provisions of S.J.C. Rule 3:10, 351 Mass. 791 (1967), and 355 Mass. 803 (1969). An additional assignment of error raised by the defendant is without merit, and in the absence of an exception we need not discuss it. *Commonwealth* v. *Remick,* 1 Mass. App. Ct. 856 (1973).

*Judgments affirmed.*

*Kenneth D. Weiss* for the defendant.

*Peter F. Brady,* Assistant District Attorney, for the Commonwealth.